CHARLES A. SHERMAN, Respondent, *v.* CHARLES A. TUCKER, Indi-vidually and as Executor, etc., of GEORGE W. TUCKER, Deceased, Appellant, Impleaded with Others.*

*Creditor's suit to reach the surplus income of a trust fund — what complaint is demurrable.*

The complaint in an action brought by a creditor to reach the surplus income of a trust fund created for the benefit of his debtor under section 78 of the Real Property Law (Laws of 1896, chap. 547), did not allege that the plaintiff had obtained a judgment against the debtor, and that an execution had been issued thereon and returned unsatisfied; nor did it allege that the trustees of the fund resided in the State of New York, or that the trust fund was within the jurisdiction of the court, or that the testator, under whose will the trust was created, was, at the time of his death, a resident of the State of New York. It did allege, however, that the will was probated in the State of New York, and that the debtor was a non-resident, but it was not shown that the latter could not at any time be found within the jurisdiction of the State of New York, so that personal service of the summons might be made upon him and a judgment secured in an action at law.

*Held,* that the complaint was demurrable.

* See *Dittmar* v. *Gould* (*ante*, p. 94).

APPEAL by the defendant, Charles A. Tucker, individually and as executor, etc., of George W. Tucker, deceased, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 1st day of November, 1900, upon the decision of the court rendered after a trial at the New York Special Term overruling a demurrer to the complaint.

*Edward C. James*, for the appellant.

*Abraham Nelson*, for the respondent.

O'BRIEN, J. :

The action is in equity by a creditor to reach the surplus income of a trust fund created for the benefit of Charles A. Tucker, and is brought under section 78 of the Real Property Law (Laws of 1896, chap. 547), which provides : " Where a trust is created to receive the rents and profits of real property and no valid direction for accumulation is given, the surplus of such rents and profits beyond the sum necessary for the education and support of the beneficiary, shall be liable to the claims of his creditors in the same manner as other personal property which cannot be reached by execution."

The appellant contends that this is an action in which the court has not inherent equity jurisdiction, but has only statutory jurisdiction ; and, therefore, that the statutory requisites must be complied with to enable a creditor to maintain it ; which requisites, under section 1871 of the Code of Civil Procedure, are the obtaining of a judgment, the issuance of an execution and the return of the latter unsatisfied. Our views upon the question thus raised are given in the opinion handed down at this term in the case of *Dittmar* v. *Gould* (60 App. Div. 94) and, therefore, will not be repeated. Apart from this principal question, however, we think that the complaint here is defective for want of necessary averments. In this complaint it is not alleged that the trustees of the fund reside here, or that the trust fund is within this jurisdiction, or that the testator, the creator of the trust, was at the time of his death a resident of this State. All that we have with reference to such allegations is simply that the will was probated here ; and although there are other allegations that the debtor is a non-resident, it is not made to appear that he could at no

time be found within this jurisdiction so that personal service of a summons might be made upon him and a judgment secured in an action at law.

For these reasons, therefore, although others might be referred to, we regard the complaint as demurrable. The judgment appealed from should accordingly be reversed and the demurrer sustained, with costs, but with leave to the plaintiff within twenty days to amend his complaint upon payment of costs in this court and in the court below.

VAN BRUNT, P. J., INGRAHAM, McLAUGHLIN and HATCH, JJ., concurred.

Judgment reversed and demurrer sustained, with costs, with leave to plaintiff to amend in twenty days on payment of costs in this court and in the court below.